Robt. C. Alexander, etc., *v.* Joseph B. Newell.

**Appeal—Reversal—Conflicting Evidence.**

The Court of Appeals will not disturb a judgment upon conflicting evidence.

APPEAL FROM PULASKI CIRCUIT COURT.

December 21, 1872.

Opinion by Judge Pryor:

The evidence of the surveyor, Hamblin, who made the survey on file in this case, fixes the boundary line between the lands of the

parties to this controversey, as is claimed by the appellee. This line begins at the letter D, from thence to the letter A, and on to (I) the maple at the bank of the river. The patents under which the appellee holds title include the land in dispute, but the Emerson patent under which the appellants claim embraces no part of it. The ancestors of the parties who are now litigating owned these adjacent lands for many years and seem to have had no trouble in regard to this disputed territory. The proof, however, in regard to the possession of the land conduces to show an adverse holding for a long time by the appellants and those under whom they claim; still it is shown that old man Newell had the most of it in his actual possession many years ago and cultivated a crop of cotton upon it. In 1857 or 1858, according to the proof, the fence that Emerson had upon the land was removed, and up to that period he had held no possession for such a length of time as would vest him with title. Whether the removal of the fence was intended as an abandonment of the land or not, does not certainly appear, but from that time until the institution of this suit in the year 1867 the appellee was in the constructive and actual possession of the land. His possession and claim, although the proof conduces to show that it was obtained from a party who entered under Emerson, was of too long standing to require a surrender of the possession in order to enable the appellee to maintain his ejectment. There is also a conflict of proof in regard to the question of possession, and to such an extent as precludes this court from disturbing the judgment.

The judgment dismissing the petition and cross petition was the equitable view of the case. The judgment is *affirmed*.

*James, for appellants.*

*Vanwinkle, for appellee.*

